```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

UNITED STATES OF AMERICA

vs.                                    No. CR-2-07-99(5)

                                       JUDGE MARBLEY

DEVON L. FERNANDEZ

<u>PLEA AGREEMENT</u>

Plaintiff United States of America and Defendant DEVON FERNANDEZ hereby enter into the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure:

1. Defendant DEVON L. FERNANDEZ will enter pleas of guilty to Counts 1 and 17 of the Indictment herein which charges him, respectively, with:

   a. in count 1, conspiracy to, possess with intent to distribute, and to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(B)(viii) and 846;

   b. in count 17, possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(C)(1)(A)(i) & 2;

2. Defendant DEVON L. FERNANDEZ understands the penalties that may be imposed pursuant to his pleas of guilty are as follows:

   a. in count 1, a minimum term of five (5) years imprisonment to a possible maximum term of forty (40), a fine of $2,000,000.00, and a five (5) year term of supervised release;

   b. in count 17, a mandatory term of imprisonment of five (5) years, to be served consecutively to count 1 of the Indictment, a fine of $250,000.00 and a three (3) year term of supervised release;

  3. Prior to or at the time of sentencing the defendant will pay to the U.S. Department of Justice a special assessment in the amount of $200.00 as required in 18 U.S.C. §3013. This assessment shall be paid by the defendant before sentence is imposed and he will furnish a receipt at the time of sentencing. The payment shall be made to the United States District Court, at the Clerk's Office, 85 Marconi Boulevard, Columbus, Ohio 43215.

  4. Defendant DEVON L. FERNANDEZ agrees to testify truthfully and completely concerning all matters pertaining to the Indictment filed herein and to any and all other criminal activity to which he may have knowledge. Defendant further agrees to provide a complete statement to authorities of the United States concerning all matters related to the Indictment prior to the entry of his guilty pleas pursuant to this agreement. Defendant agrees to submit to supplemental

debriefings when requested by authorities of the United States for the Southern District of Ohio, whether before or after his pleas are entered.

Pursuant to §1B1.8 of the Federal Sentencing Guidelines, the government agrees that any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as a basis for upward departure from the guideline range.

5. If such pleas of guilty are entered, and not withdrawn, and the Defendant DEVON L. FERNANDEZ acts in accordance with all other terms of this agreement, the United States Attorney for the Southern District of Ohio agrees to dismiss counts 15 and 16 of the Indictment, as they relate to the defendant, and not to file additional criminal charges against Defendant DEVON L. FERNANDEZ based on his activities charged in the Indictment or based on other narcotics violations in the Southern District of Ohio occurring prior to the date of the Indictment and as to which Defendant gives testimony or makes statements pursuant to this agreement.

6. By virtue of his guilty pleas to Counts 1 and 17 of the Indictment, in exchange for the United States's dismissal of the remaining counts, the defendant understands that he is not a prevailing party as defined by 18 U.S.C. §3006A and hereby expressly waives his right to sue the United States.

3

7. Defendant understands that this agreement does not protect him from prosecution for perjury, should he testify untruthfully, or for making false statements, nor does it protect him from prosecution for other crimes or offenses which the United States discovers by independent investigation. Further, should Defendant DEVON L. FERNANDEZ fail to comply fully with the terms and conditions set forth herein or should he fail to appear as required for sentencing, this agreement is void and of no effect, and Defendant shall be subject to prosecution as if the agreement had never been made.

8. For sentencing purposes, it is agreed by the parties, that with respect to the Indictment:

    (1) relevant conduct pursuant to U.S.S.G. §2D1.1(c) and U.S.S.G. §1B1.3 is more than 500 grams but less than 1.5 kilograms of methamphetamine;

    (2) the United States Attorney for the Southern District of Ohio recommends that as of the time of the execution of this Plea Agreement the defendant has accepted responsibility for the offense to which he has agreed to plead guilty. If the defendant continues to accept responsibility through the time of sentencing, the United States will make a motion pursuant to U.S.S.G. § 3E1.1(b) stating to the District Court that the defendant has timely notified authorities of his intention to plead guilty;

    (3) The parties understand that all provisions of this paragraph are not binding upon the district court and that final determination of all sentencing issues herein rests with the district court.

9. The defendant, DEVON L. FERNANDEZ, is aware that, in

light of United States v. Booker, 125 S.Ct. 738 (2005), the United States Sentencing Guidelines are advisory and are no longer mandatory. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set forth for the offense to which the defendant pleads guilty. The defendant is aware that the Court has not yet determined a sentence. The defendant is further aware that any estimate of a probable sentencing range that the defendant may have received, or may receive in the future, from his counsel, the United States, or the probation office is a prediction, not a promise, and is not binding on the United States, the Probation Department or the Court. The United States makes no promise or representation concerning the sentence that the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

10. It is agreed that if the Court refuses to accept any provision of this Plea Agreement, with the exception of paragraph 8, neither party is bound by any of its provisions, Defendant **DEVON L. FERNANDEZ** may withdraw his guilty pleas, and the United States Attorney for the Southern District of Ohio may pursue prosecution of the same or additional charges without prejudice. In such case, it is also agreed that any self-incriminating statements made by the Defendant, pursuant to this agreement, shall be considered a part of plea negotiations and subject to

5

the restrictions of Rule 11(f) of the Federal Rules of Criminal Procedure.

11.  Finally, the United States Attorney for the Southern District of Ohio agrees that if Defendant provides substantial assistance in the investigation and/or prosecution of others who have committed criminal offenses, the United States Attorney may move the court pursuant to 18 U.S.C. §3553(e) and/or §5K1.1 of the Federal Sentencing Guidelines for an appropriate departure from the otherwise applicable guideline range for Defendant's sentence and will in connection therewith make known to the Court the nature and extent of Defendant's assistance.  Defendant understands that whether such motion should be made lies within the discretion of the United States Attorney and that whether and to what extent such motion should be granted are solely matters for determination by the Court.

12. No additional promises, agreements, or conditions have been made relative to this matter other than those expressly set forth herein, and none will be made unless in writing and signed by all Parties.

6/14/2007
Date

DEVON L. FERNANDEZ
Defendant

6/14/07
Date

KRISTIN BURKETT (0047761)
Attorney for Defendant

GREGORY G. LOCKHART
United States Attorney

6/21/07
Date

DAVID DEVILLERS (0059456)
Assistant U.S. Attorney

6/21/07
Date

TIMOTHY D. PRICHARD (0059455)
Assistant U.S. Attorney

7